Forrest D. LOVAN, et al., Plaintiffs,

v.

The CITY OF FESTUS, Deft./Third Party Plaintiff/Respondent,

Fran Wynn, Third Party Defendant, Appellant.

No. 47758.

Missouri Court of Appeals, Eastern District, Division Three.

Oct. 23, 1984.

Beckham, Hale, Howald, Kenagy, R. Brooks Kenagy, Steelville, for Fran Wynn.

Pannell, Dodson & Robinson, Robert J. Robinson, Robert G. Kister, Festus, for plaintiff Lovan.

Paul L. Bell, Steelville, for defendant, City of Festus.

DOWD, Presiding Judge.

The third party defendant-appellant, Fran Wynn, appeals an adverse judgment from the Circuit Court of Jefferson County. The court awarded the third party plaintiff-respondent, the City of Festus (Festus), $800 damages based on the theory of promissory estoppel. We affirm.

The Festus Police Department paid $800 to an informant to recover guns stolen from plaintiff Lovan's sporting goods store

in Steelville, Missouri. Lovan filed an action to replevy his stolen property from the Festus Police Department who impleaded Fran Wynn, the Steelville Police Chief.[1] Festus claims that it paid the money to the informant relying on a promise by Chief Wynn to reimburse it.

At the conclusion of the bench trial, the lower court ordered Festus to return the stolen guns to the owner, Lovan. On the third party petition, the court ordered Chief Wynn to reimburse Festus the $800 paid to the informant. From this latter order, Chief Wynn appeals contending (1) illegality of contract and (2) insufficiency of the evidence.

Concerning appellant's first contention, illegality of contract is an affirmative defense which Chief Wynn asserts for the first time on appeal. Rule 55.08 requires an affirmative defense to be raised initially in a party's responsive pleading, which Chief Wynn failed to do. Likewise, appellant's answer did not set forth additional facts necessary to avoid legal responsibility by way of confession and avoidance. *Layman v. Southern Bell Telephone Co.*, 554 S.W.2d 477, 480 (Mo.App.1977).

Assuming *arguendo* that appellant preserved the issue of illegality of contract, appellant's argument still must fail. Appellant argues that Festus cannot recover since the promise was to cause payment for stolen property thereby constituting an illegal agreement. Appellant's conclusion is neither inherently persuasive nor legally documented. In his briefs, appellant cites no statutory authority or case precedent which declares that agreements between police departments to purchase stolen property from informants for evidentiary purposes are illegal. Point denied.

Appellant also contends that the court erred in that the evidence was insufficient to support its findings. The court found that Chief Wynn promised or agreed to repay Festus, and that by relying on such a promise or agreement Festus sustained injury of $800. The court based its findings on the conflicting testimony of the promisor, Chief Wynn of Steelville and the promisee, Chief Pagano of Festus.

The resolution of the conflicting testimony, the credibility of the witnesses, and the weight to be given to the testimony was within the discretion of the trial court. Rule 73.01(c). See also *Sedmak v. Charlies Chevrolet, Inc.*, 622 S.W.2d 694, 695–6 (Mo.App.1981). We have reviewed the transcript, pleadings, and the briefs under the standard of *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976), we conclude that the judgment of the trial court is supported by substantial evidence and is not against the weight of the evidence. The court has not erroneously declared or applied the law. Point denied.

We further determine that an extended opinion would serve no precedential value. This court affirms the judgment of the lower court in accordance with Rule 84.-16(b).

CRIST and CRANDALL, JJ., concur.

---

1. The propriety of the third party practice procedure was not raised by appellant. Rule 52.11.