In the Estate of Stanley M.
STRAUSS, Appellant,

v.

David M. STRAUSS, et al.,
Respondents.

No. 52613.

Missouri Court of Appeals,
Eastern District,
Division Four.

Aug. 23, 1988.

James H. Wollbrinck, St. Louis, for appellant.

Carmody, MacDonald, Hilton & Wolf, P.C., Clayton, for respondents.

SIMON, Presiding Judge.

This is an appeal from an order authorizing the appointment of the Public Administrator as Conservator to manage the financial resources of appellant, Stanley M. Strauss.

Respondents, David Strauss and Carol Strauss Stitt, appellant's children, filed a Petition for Appointment of Conservator for appellant in October, 1984. Appointment was authorized in December, 1986, by an order finding appellant a disabled person and, by reason of mental illness, unable to receive and evaluate information or to communicate decisions to such an extent that appellant completely lacks ability to manage financial resources. Appellant's estate consists of personal property valued at approximately $9,000; $16,144.18 from his divorce settlement; and approximately $165,000 from the estate of his mother and the estate of Evelyn Wurdack. The trial court made no findings of fact or conclusions of law.

Neither party requested findings of facts or conclusions of law, and the trial court was not obligated to provide same. Therefore, all fact issues are to be found in accordance with the result reached by the trial court. *Hazlett v. Clark*, 652 S.W.2d 135, 136[1–3] (Mo.App.1983).

In his three points on appeal, appellant essentially contends that the trial court erred in entering its order because it failed to give proper weight to certain testimony and gave improper weight to other testimony and there is not sufficient evidence to support the trial court's order. We affirm.

Appellant, throughout his brief, employs the term "incompetent" and relies upon the standard for determining mental incompetency found in *In re Delany*, 226 S.W.2d 366, 373[6] (Mo.App.1950) and *In re Armstrong*, 573 S.W.2d 141, 144[1] (Mo.App. 1978).

The standard in *Delany* is based on § 458.010 RSMo 1949, which reads in part:

... person of unsound mind or insane person ... shall be construed to mean either an idiot, or a lunatic, or a person of unsound mind and incapable of managing his own affairs, ...

Under the *Delany* standard, for one to be held of unsound mind and incapable of managing his affairs required a finding of "not merely a weakness of understanding, but a total deprivation of it." *Delany*, 226 S.W.2d 366, at 373[6].

However, in 1955, § 458.010 RSMo 1949, was repealed and replaced by § 475.010(3) RSMo 1969, which reads in part:

... an incompetent is a person who is incapable by reason of insanity, mental illness, imbecility, idiocy, senility, habitual drunkenness, excessive use of drugs, or other incapacity, of either managing his property or caring for himself or both ...

*In Matter of Brown*, 527 S.W.2d 395, 400[5, 6] (Mo.App.1975) the court stated that "clearly it was the purpose of the legislature, in enacting the new statute, to fix a more flexible standard of mental incapacity and to relegate to past history any concept of incompetency which is circumscribed by the requirements of earlier cases, and particularly that most stringent one, that to be adjudged mentally incompetent one must be shown to have suffered a 'total deprivation of understanding'." Thus, *Brown* relaxed the *Delany* standard.

Later, in *Matter of Armstrong*, 573 S.W.2d 141 at 144[1], the court stated that "while the definition of unsound mind contained in *Delany* was rejected in *Matter of Brown*, 527 S.W.2d 395 (Mo.App.1975), the test to be applied to determine the ability of a person to manage his own affairs ... was not mentioned." Therefore, the court in *Armstrong* reasoned that the standard to determine the ability to manage one's own affairs found in *Delany* was applicable.

However, in 1983, § 475.010 was substantially amended and the term "incompetent" was deleted. In its place, the terms "disabled" and "incapacitated" were incorporated. *See:* § 475.010(4)(a) and (8) RSMo 1986.

Here, the court found appellant to be a "disabled person", pursuant to § 475.010(4)(a) RSMo 1986, which defines "disabled" as one who is:

unable by reason of any physical or mental condition to receive and evaluate information or to communicate decisions to such an extent that the person lacks ability to manage his financial resources.

Due to the significant change in definitions, the relevancy of the standard used in *Delany*, *Armstrong* and *Brown* is no longer appropriate. Appellant cites no other relevant authority in any of his points. Ordinarily, a point of error unsupported by citation of relevant authority is deemed abandoned. *Bishop v. Bishop*, 618 S.W.2d 261, 263[2–4] (Mo.App.1981). Rule 84.04(d).

However, we will review, utilizing the standard enunciated by § 475.010(4)(a) RSMo 1986. We shall sustain the order of the trial court unless there is no substantial evidence to support it, unless it is against the weight of the evidence, or unless it erroneously declares or applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32[1] (Mo. banc 1976).

■ Appellant contends that the trial court failed to give proper weight to certain testimony and gave improper weight to other testimony. The credibility of witnesses and the weight to be given their testimony is for the trial court, and we will not substitute our judgment for that of the trial court. *Estate of Graves*, 684 S.W.2d 925, 928[2] (Mo.App.1985). Thus, we defer to the trial court as to its determination of the weight to be given the evidence.

Therefore, our review will be limited to a determination of substantial evidence to support the trial court's order. Appellant's disability pursuant to § 475.010(4)(a) RSMo 1986 must be established by clear and convincing evidence. § 475.075(7) RSMo 1986. *Cannon v. Muller*, 724 S.W.2d 321, 324[2] (Mo.App.1987).

■ The evidence establishes that the appellant has been under the care of various psychiatrists beginning in 1970 for se-

vere depression and mental problems; that appellant has continuously had trouble holding a job and managing money; that throughout his marriage to Betty Strauss, she had complete charge of the household, was the major wage earner, and managed all the bills.

Appellant is 65 years of age and divorced his wife, Betty, in August, 1984, after 38 years of marriage. In October, 1984, appellant married Deborah Sue Lynn.

Appellant was under the psychiatric care of Dr. Felix Toro from June 7, 1984 to September 21, 1984. Dr. Toro described appellant as suffering from a psychiatric disorder—a dependent personality with major depression. Dr. Toro explained this to mean one who is very dependent on other people for making decisions. Dr. Toro concluded that appellant was not capable of managing his financial affairs at the time he treated appellant. Dr. Toro stated that he saw no marked improvement in appellant during the period he treated him, and it was highly unlikely that appellant would subsequently be completely cured.

The appellant was employed at the Salvation Army until 1982 when he was terminated for drinking on the job and stealing merchandise and cash. Appellant wrote unauthorized personal checks to Deborah Sue Lynn on his mother's account. When his mother discovered this, she removed him from her account. Also, when he was treasurer of B'nai B'rith Lodge, he wrote unauthorized checks to Deborah Sue Lynn on the Lodge account. Later, in 1981, appellant voluntarily admitted himself to Jewish Hospital for psychiatric treatment.

Appellant also executed a promissory note payable to Deborah Sue Lynn in the sum of $40,000 in the fall of 1984. The evidence indicated that Deborah Sue Lynn threatened to stop seeing appellant unless he gave her money. Appellant also testified that at one time he believed Deborah Sue Lynn to be a "con artist" trying to get his money. The respondents instituted the Petition for Conservatorship after discovering appellant's attempted $40,000 gift to Deborah Sue Lynn.

Thus, reviewing the entire record, we conclude that the evidence is sufficient to establish appellant's disability by clear and convincing evidence.

Order affirmed.

CRANDALL and GRIMM, JJ., concur.