**Carlene PENDER, Appellant,**

v.

**Willie C. HALL, Respondent.**

**No. 16336.**

Missouri Court of Appeals,
Southern District,
Division One.

Dec. 20, 1989.

Mary L. Dilks, L. Joe Scott & Daniel T. Moore, Poplar Bluff, for appellant.

Jasper N. Edmundson, John R. Hopkins, Jr., Hyde, Purcell, Wilhoit, Spain, Edmundson & Merrell, Poplar Bluff, for respondent.

CROW, Presiding Judge.

Appellant bought a horse, referred to in the record as "Miss Tru," from respondent. Appellant took possession of Miss Tru on or about May 5, 1986. On June 30, 1986, Miss Tru was tested and found to have a contagious disease (infectious equine anemia) rendering her unfit for the purpose for which appellant purchased her—barrel racing. Appellant sued respondent seeking judgment for the amount of the purchase price, together with veterinary and quarantine expenses. The trial court, hearing the evidence without a jury, entered judgment for respondent.

Appellant maintains the trial court ruled for the wrong party in that appellant's evidence established all the elements of a cause of action for breach of an implied warranty of fitness for a particular purpose.

The evidence as to whether Miss Tru had infectious equine anemia at the time respondent sold her to appellant was in sharp conflict. Appellant testified Miss Tru exhibited a kidney problem immediately after appellant got her. Respondent and his wife both testified Miss Tru manifested no kidney problem while they had her.

There was evidence that prior to the sale respondent owned other horses. Some months after the sale one of them, referred to in the record as "B.B.," was tested and found to have infectious equine anemia. Respondent's evidence, however, was that B.B. and Miss Tru were kept apart from each other during the time both were on his farm.

Additionally, there was evidence that between the date appellant took possession of Miss Tru and the date Miss Tru was found to be diseased appellant took Miss Tru to four or five horse shows where Miss Tru was "exposed to a fairly large number of other horses," any one of which could have been afflicted with infectious equine anemia. There was no evidence excluding the possibility that Miss Tru contracted the disease from one of them.

The burden was on appellant to prove her case. *Chandler v. New Moon Homes, Inc.,* 418 S.W.2d 130, 135[4] (Mo. banc 1967); *Show–Me Restoration Services v. Harlan,* 778 S.W.2d 350, 351 (Mo.App. 1989). In this judge-tried case credibility of the witnesses and the weight to be given their testimony was for the trial court, which was free to believe none, part or all of the testimony of any witness. *Herbert v. Harl,* 757 S.W.2d 585, 587[1] (Mo. banc 1988); *Centerre Bank of Branson v. Campbell,* 744 S.W.2d 490, 498[12] (Mo. App.1988).

The trial court was not compelled to believe Miss Tru was afflicted with infectious equine anemia at the time respondent sold her to appellant. The choice between the conflicting evidence on that issue was for the trial court. *In Interest of R.E.M.,* 712 S.W.2d 398, 402[3] (Mo.App.1986); *Lovan v. City of Festus,* 679 S.W.2d 931, 932[4] (Mo.App.1984). We do not substitute our judgment for that of the trial court on credibility issues. *Strauss v. Strauss,* 755 S.W.2d 742, 743[1] (Mo.App.1988); *State ex rel. Webster v. Cornelius,* 729 S.W.2d 60, 65[5] (Mo.App.1987).

Judgment affirmed.

GREENE and PREWITT, JJ., concur.