Clydene **STUCKEY,**
**Plaintiff–Respondent,**

v.

**Raymond A. HEMBY, Jr.,**
**Defendant–Appellant.**

**No. 16610.**

Missouri Court of Appeals,
Southern District,
Division Two.

Sept. 20, 1990.

Joseph W. Schoeberl, Joplin, for defendant-appellant.

Robert R. Parrish, Joplin, for plaintiff-respondent.

PARRISH, Presiding Judge.

Appellant's mother filed a two-count petition in the probate division of the Circuit Court of Jasper County seeking appointment of a guardian for appellant (Count I) and a conservator for appellant's estate (Count II). §§ 475.060 and .061.[1] The case was tried before the court without a jury. The trial court found, as to Count I, that appellant is incapacitated by reason of mental illness, specifically, paranoid schizophrenia, to the extent that he lacks capacity to

meet some essential requirements for food, clothing, shelter, safety and other care such that serious physical injury, illness or disease is likely to occur; and, as to Count II, that appellant is disabled by reason of his paranoid schizophrenia so that he is unable to receive and evaluate information or communicate decisions to the extent that he lacks the ability to manage some of his financial resources. The trial court issued letters of guardianship and letters of conservatorship appointing the public administrator as guardian of appellant's person and conservator of his estate. § 475.030.1.

Evidence presented at trial included the testimony of appellant's mother, Clydene Stuckey, and testimony of Carthage police officer, Lieutenant William Barksdale. Mrs. Stuckey testified that appellant, who was 25 years old at the time of the hearing, had been committed to Nevada State Hospital numerous times since 1986 ("maybe ten times"); that he admitted drug usage and, for that reason, had been committed to Cox Medical Center in Springfield in both 1986 and 1987. She further testified that appellant was unable to handle monthly disability benefits that he received from social security. Mrs. Stuckey testified that she paid his rent, bought his groceries, and paid his automobile insurance and that she had done so for two years prior to the hearing. Mrs. Stuckey was a named payee on the checks by which the social security benefits were paid. She used those funds to pay appellant's expenses.

Mrs. Stuckey described appellant's conduct on occasions shortly before the date of the hearing. She told of seeing appellant wrap a towel around a lamp in his apartment. She stated that he had removed food from his refrigerator and had left the food out of the refrigerator overnight; that he poured his cologne down a sink. She testified that appellant prepared a sleeping bag, clothes, curtains, and macrame decorations in such a way that it looked like a grave and placed a metal lid on top of it. When asked what he was doing, appellant did not answer, "He just stares at you." She told of appellant's freezing ham and

---

**1.** All references to statutes are to RSMo 1986     unless otherwise stated.

**100**

cheese, then "eating crystals off that ham." Mrs. Stuckey testified that appellant had an automobile, but that it was "lost" and had not been found. She also testified that appellant used money that was placed in his control to buy alcohol and drugs.

Lieutenant Barksdale described at least two incidents when appellant had displayed violence. Appellant had assaulted Lieutenant Barksdale by striking the lieutenant in the face with his fist and executing a "spinning kick" to the chest. After being subdued, appellant was disoriented and incoherent and did not know his name. On another occasion appellant had entered Leggett & Platt wire mill in Carthage armed with a knife and a device described as a martial arts throwing star. Evidence was presented that appellant threatened persons he approached at that site.

A report from a psychiatric resident at Nevada State Hospital, Dr. Anya, was admitted in evidence. It stated that appellant exhibits poor insight in judgment and is unable to take care of activities of daily living when he has not taken his medication. It further told that appellant threatened bodily harm to others and threatened to kill himself. The report stated that appellant suffered delusions that he was "looking for [L]ucifer." During appellant's last admission to Nevada State Hospital, prior to the hearing, appellant verbalized delusions of receiving messages from a radio and a television stating that he had supernatural powers and that he was "not of this planet."

This case is reviewed on appeal in accordance with Rule 73.01. The credibility of the witnesses and the weight to be given to their testimony is for determination by the trial court. This court defers to the trial court's determinations of those matters. *Strauss v. Strauss,* 755 S.W.2d 742, 743 (Mo.App.1988). Review by this court is limited to determining whether substantial evidence was presented to support the trial court's findings and its orders granting letters of guardianship and letters of conservatorship. This court finds that the actions of the trial court are supported by substantial evidence and are not against the weight of the evidence. No error of law appears. Further opinion would serve no precedential value. The judgment of the trial court is affirmed in accordance with Rule 84.16(b).

FLANIGAN, C.J., and HOGAN, J., concur.