**Jolanda ROBERTS, Plaintiff/Respondent,**

v.

**William J. GLASGOW,
Defendant/Appellant.**

**No. 62119.**

Missouri Court of Appeals,
Eastern District, Division Two.

July 20, 1993.

Rehearing Denied Aug. 26, 1993.

Robert J. Selsor, Suelthaus & Kaplan, P.C., St. Louis, for defendant/appellant.

Stephen G. Bell, St. Louis, for plaintiff/respondent.

GRIMM, Judge.

Defendant (purchaser) purchased plaintiff landowner's house and lot at a tax sale in 1987. In 1990, landowner brought this action to redeem the property and quiet title. The trial court found that landowner "is and was a disabled person or a partially disabled person as defined in Chapter 475 of the Missouri Revised Statutes." As a result, the trial court determined the period of redemption had not expired, canceled the tax deed, and permitted landowner to redeem the property.

Purchaser appeals, raising only one point. He contends that the evidence did not establish landowner was "mentally incompetent so as to toll the redemption period." We disagree and affirm.

## I. Background

Landowner had received treatment for mental problems continuously from 1981 through the time of trial in 1992. In that time frame, she was hospitalized seven or eight times for her mental condition.

Landowner failed to pay her real estate taxes for 1984, 1985, and 1986. On August 24, 1987, a tax sale was held and purchaser was the high bidder for the property.

In 1987, an acquaintance began helping landowner with her affairs. In November, 1987, acquaintance called the collector's office and asked if the property had been sold for taxes. Following that conversation, acquaintance wrote a check for landowner and paid the 1987 taxes.

In December, 1988, acquaintance and her boss went to the county collector's office to inquire about landowner's property. They did not have a tax bill, so a woman behind the counter made a duplicate bill. The tax bill was in landowner's name, not purchaser's. Boss asked if there was anything else wrong; the woman said no. The 1988 taxes were then paid.

On August 25, 1989, purchaser applied for a deed. A tax deed was given to him on September 12, 1989. However, the 1989 tax bill was addressed to landowner at acquaintance's place of employment. Acquaintance paid this bill on October 5, 1989.

In December, 1989, acquaintance learned the property had been sold in 1987 for back taxes. Acquaintance attempted to pay the back taxes. The collector's office said it could not accept payment, apparently because tender was made more than two years after the sale. *See* § 140.340.\*

In January, 1990, purchaser filed an ejectment action against landowner. In the same month, landowner filed a separate action to redeem the property and quiet title. Following consolidation and trial, the trial court ruled in favor of landowner in both actions.

## II. Tolling of Redemption Period

Purchaser's sole point on appeal alleges the trial court erred when it voided "the collector's deed in that it was established by stipulation that [landowner] did not tender redemption of the property until after the two year redemption period following the tax sale had expired and the great weight of the evidence indicated that [landowner] was not mentally incompetent so as to toll the redemption period. Especially in light of the 'clear and convincing' standard of proof required of [landowner] to show such incompetency."

We first note that purchaser's point contains an erroneous statement. The parties did not stipulate that redemption was not tendered until after expiration of the re-

\* All statutory references are to RSMo 1986.

demption period. Rather, they stipulated that landowner "tendered redemption of the property on December 29, 1989."

If landowner was entitled to a tolling of the redemption period, she did not tender after expiration of the redemption period. Thus, the issue here is whether landowner was a disabled person at the relevant time. Our review of the trial court's judgment is limited by the standard set forth in *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo.banc 1976).

Land sold for taxes may be redeemed within two years after the sale. § 140.340. However, if the owner of the land is an infant or is an incapacitated or disabled person "as defined in chapter 475," the owner may redeem the land within *"two years after the expiration of such disability."* § 140.350 (emphasis added).

A disabled person is one who is unable "by reason of any physical or mental condition to receive and evaluate information or to communicate decisions to such an extent that the person lacks ability to manage his financial resources." § 475.010(4). A "partially disabled person" is included within the definition of a "disabled person." *Id.*

Our statute also defines a "partially disabled person." This person "is one who is unable by reason of any physical or mental condition to receive and evaluate information or to communicate decisions to such an extent that he lacks capacity to manage, in part, his financial resources." § 475.010(12). The trial court found landowner was a disabled person or a partially disabled person.

Purchaser first argues that landowner's disability must be established by clear and convincing evidence. *See* § 475.075. He maintains landowner did not meet this evidentiary burden.

In support, however, he only cites cases involving *adjudication* of disability. The statute we are concerned with, § 140.350, does not require adjudication of disability in order to toll the redemption period. Purchaser has not cited any cases or statutes holding that clear and convincing evidence is required in this context; nor has our research disclosed any. Moreover, even assuming, which we do not, that clear and convincing evidence is required, the evidence presented meets that standard.

Landowner's medical records reflect that she has a history of severe mental problems dating back to the early 1980's, when she was treated for manic-depressive disease and chronic depression. She was given electro-convulsive therapy (shock treatments), as well as medication (Thorazine, Lithium, and Xanax).

Landowner was hospitalized on August 24, 1987, the date her property was sold at the tax sale. She was admitted August 10, 1987, to a closed psychiatric unit because she was a suicidal risk and had major severe depression. She again received electro-convulsive therapy and drugs. She was discharged a little over a month later. Her physician during this hospitalization stated that during this time, she was "unable to manage her personal financial affairs."

Landowner's treating physician from 1987 through the time of trial diagnosed her as having major depression, passive-aggressive personality disorder, bipolar affective disorder, and Type II depression. He noted landowner was suicidal. He treated her with medication and electro-convulsive therapy.

In addition to this medical evidence, other evidence disclosed she was unable to manage her financial affairs. She disregarded mail received at her house. Her utilities were turned off because of non-payment of bills. Various judgments were obtained against her for non-payment of her medical bills. The sewer district filed a lien against her property for non-payment of charges. She did not have either a checking or savings account. Finally, her brother's company, which was also her employer, paid her bills for her, deducting the payments from her salary.

Our review of the record indicates the evidence supports the trial court's findings. *See Strauss v. Strauss,* 755 S.W.2d 742, 743–44 (Mo.App.E.D.1988); *Cannon v. Muller,* 724 S.W.2d 321, 324 (Mo.App.W.D.1987). Point denied.

The trial court's judgment is affirmed.

CRANDALL, P.J., and PUDLOWSKI, J., concur.