**STATE of Missouri, Respondent,**

v.

**Brandon Scott STEVENS, Appellant.**

**No. 21235.**

Missouri Court of Appeals,
Southern District,
Division Two.

July 11, 1997.

James C. Cox, Assistant Appellate Defender, Kansas City, for appellant.

Jeremiah W. (Jay) Nixon, Attorney General, Joanne E. Joiner, Assistant Attorney General, Jefferson City, for respondent.

MONTGOMERY, Chief Judge.

A jury convicted Brandon Scott Stevens (Defendant) of robbery in the first degree in violation of § 569.020.[1] Defendant was sentenced to 25 years' imprisonment. He appeals.

Defendant does not contest the sufficiency of the evidence to convict him. The issue raised here does not necessitate setting forth the State's evidence. Clearly, the State presented substantial evidence from which the jury could have found Defendant guilty beyond a reasonable doubt of robbery in the first degree.

Defendant's lone point relied on alleges that the trial court plainly erred in failing to inform the jury of the "mandatory minimum term law" applicable to robbery in the first degree.[2] During deliberations, the jury questioned the court concerning the minimum number of years Defendant would serve on the jury's sentence.

Defendant's claim of plain error is based on the following exchange between the court and the attorneys:

THE COURT: All right. I have a jury question. The question is: What is the minimum number of years to be served compared to the sentence given by the jury? Signed John Griesemer, Foreman.

I intend to respond in writing: This is a question I am not authorized to answer.

What does the State say?

MISS BOCK: I think that's proper, Your Honor.

THE COURT: What does the defense say?

MR. PRICE: I agree.

Defendant realizes that he did not preserve his claim of error for appellate review. Consequently, he seeks plain error review under Rule 30.20. However, the issue he raises is not subject to our review because Defendant acquiesced in the trial court's response to the jury. In essence, Defendant's counsel announced that he had no objection to the proposed response.

"The established rule in Missouri holds that stating 'no objection' when evidence is introduced constitutes an affirmative waiver of appellate review of the issue." *State v. Daly*, 798 S.W.2d 725, 729 (Mo.App. 1990). "As opposed to a simple failure to object, which may warrant plain error review, a statement by defendant's counsel that there is no objection to ... a particular piece of evidence precludes a finding that the failure to object was negligent or inadvertent and renders that evidence admissible." *State v. Scott*, 858 S.W.2d 282, 285 (Mo.App.1993).

In *State v. Taylor*, 943 S.W.2d 675 (Mo. App.1997), the appealing defendant claimed that the trial court erred in responding to a jury question submitted during deliberations. The question asked, "In second degree life imprisonment, how long is a life sentence? Of that life sentence, what is the minimum number of years before being eligible for parole?" The trial court's answer directed the jury to refer to its instructions. The appellate court ruled the issue as follows:

---

1. Statutory references are to RSMo 1994 unless otherwise indicated.

2. A person convicted of a dangerous felony must serve a mandatory minimum prison term of eighty-five percent of the sentence imposed. § 558.019.3. Robbery in the first degree is a dangerous felony. § 556.061(8).

Because [defendant] did not preserve this issue for our review, we can review it, if at all, only as plain error under Rule 30.20. We decline plain error review. [Defendant] affirmatively waived our review of the issue when he indicated to the circuit court that he had no objection to the court's proposed response.

*Id.* at 680 (citations omitted).

The issue raised here is governed by *Taylor.* Thus, we hold that Defendant affirmatively waived our review of this issue by indicating that he had no objection to the trial court's proposed response to the jury's question. *See State v. Kezer,* 918 S.W.2d 874, 877 (Mo.App.1996).

The judgment of conviction is affirmed.

PARRISH, P.J., and BARNEY, J., concur.