STATE of Missouri, Plaintiff–
Respondent,

v.

Adam Lee HAMILTON, Defendant–
Appellant.

No. 22439.

Missouri Court of Appeals,
Southern District,
Division Two.

June 17, 1999.

Motion for Rehearing and Transfer
Denied July 1, 1999.

Application for Transfer Denied
Aug. 24, 1999.

Gary E. Brotherton, Columbia, for Appellant.

Jeremiah W. (Jay) Nixon, Daniel W. Follett, Office of the Attorney General, Jefferson City, for Respondent.

KENNETH W. SHRUM, Presiding Judge.

A jury convicted Adam Lee Hamilton (Defendant) of one count of robbery in the first degree, § 569.020, one count of assault in the first degree, § 565.050, and

two counts of armed criminal action, § 571.015.[1] Because Defendant was a prior and persistent offender, the trial court imposed the sentences. Defendant appeals from the judgment of conviction.

■ The question presented is whether Defendant is entitled to a new trial where, after the entire staff of the prosecutors' office was disqualified on grounds of conflict of interest, the prosecutor and his secretaries helped the special prosecutor with jury selection. Because Defendant did not preserve this issue for review, we review only for plain error. Finding no manifest injustice or miscarriage of justice in the case, we affirm.

The issue on appeal does not require a recital of the evidentiary facts. The occurrences giving rise to charges against Defendant occurred on May 18, 1997. The State filed charges against Defendant on July 7, 1997. Initially, assistant public defender Stefanie Pearlman represented Defendant in connection with the charges. On October 27, 1997, she moved to withdraw as his defense counsel. Thereafter, Michael H. Maguire, a special public defender, then entered his appearance on behalf of Defendant. Later, attorney Pearlman was appointed as an assistant prosecutor in Pemiscot County.

In February 1998, attorney Maguire moved to disqualify the Pemiscot County prosecutor's office and to appoint a special prosecutor. This motion specifically recited that Defendant "did not feel comfortable with the Assistant Prosecuting Attorney being his former Public Defender and he did not waive an objection to the office continuing in the matter." The county prosecutor, Michael Hazel, stipulated that the trial court should enter "its Order disqualifying the Pemiscot County Prosecuting Attorney's Office and appointing a Special Prosecutor." The trial court entered an order to that effect and assistant attorney general Theodore Bruce entered his appearance as special prosecutor.

The case went to trial on May 12, 1998. After voir dire of the jury, the special prosecutor challenged four panel members for cause and stated his reasons for each challenge. Although given the opportunity, the defense raised no objections to the State's for-cause challenges. Defendant challenged two persons for cause and the special prosecutor agreed to their dismissal. Then, before the lawyers made their preemptory strikes, defense counsel addressed the court as follows:

"[MR. MAGUIRE:] ... [O]n behalf of and consistent with my client's original objection to the conflict of interest with the Prosecutor's office I'm going to object to the extent that the Prosecutor in this case, the Assistant Attorney General, utilized the services of Mr. Hazel [the county prosecutor], I think that's inconsistent with the decision that he no longer be in this case. I don't think he has the right to use him, if he's out he's out all the way."
"So I would like to make that objection."

"THE COURT: [to attorney Bruce] You asked Mr. Hazel to help you?"

"MR. BRUCE: Yes, sir, with the jury selection. I think he's just like anybody else that I can utilize those people in the community like I asked his secretaries earlier for their assistance as well. I don't think that that, the conflict is based on the hiring of an assistant who was a former public defender and I don't see how using him [Michael Hazel] under those circumstances in any way creates a conflict or the appearance of a conflict or is related in any way to the conflict that disqualified him."

The trial judge overruled the objection, observing that "[i]t's normal to use attorneys in the surrounding area to help pick a jury based upon their ... personal knowledge of the particular people on that jury panel, knowing about their personalities and how they feel about this and that,

---

1. All statutory references are to RSMo 1994 unless otherwise indicated.

their demeanors in the community and so on." Prosecutor Hazel then proffered this information to the trial judge.

"MR. HAZEL: ... [A]s to ... what was being said about the selecting of the jury panel. I'd like to say that Miss Pearlman was not present in the office this morning, who is the Assistant Prosecutor, which resulted in me being disqualified from the case. She was not even present in the office when my secretaries and myself looked over the jury panel. So she did not take place in that at all."

Thereon, the trial judge asked the lawyers for their preemptory strikes. After the lawyers responded, the trial judge announced which jurors had been challenged, who had challenged each juror, and which jurors remained. As to each juror stricken by the State, the trial judge specifically asked defense counsel if he objected to the preemptory removal of the challenged juror. In each instance, defense counsel answered that he had no objection to the State's strike.

On appeal, Defendant charges that the "[t]he trial court erred in overruling [Defendant's] objection and letting Mr. Hazel help select the jury because such ruling deprived [Defendant] of due process and a fair trial." Defendant also argues that "[l]etting Mr. Hazel's disqualified office take part in a critical stage of [his] trial created 'such suspicions and appearances of impropriety' that it cannot be condoned."

■ Preliminarily, we note that Defendant failed in several respects to preserve this point for our review. First, the point was not raised in Defendant's motion for new trial. Accordingly, it has not been preserved for appellate review under Rule 29.11(d).[2] *See State v. Garrett,* 829 S.W.2d 622, 628[12] (Mo.App.1992) (holding that alleged trial court error in failing to disqualify prosecutor's office on grounds of conflict of interest is not preserved when not contained in motion for new trial).

■ Second, although defense counsel entered a generalized objection to the participation of the Pemiscot County prosecutor's office in jury selection, he failed to request any specific relief. The objection itself shows that defense counsel knew the special prosecutor had earlier consulted with the local prosecutor's office about jury selection. An objection to an incident after its occurrence, i.e., an objection to an unforeseen or previously unknown event, is not preserved in the absence of a request for remedial action. *See State v. Dunn,* 817 S.W.2d 241, 243 (Mo.banc 1991); *State v. Archuleta,* 955 S.W.2d 12, 16[9] (Mo.App.1997). Defendant did not at any time move to quash the jury panel, move for mistrial, or object to the jury as finally selected. Failure to object to jurors selected and affirmatively expressing satisfaction with the jury waives any claim concerning the jury or the manner of its selection, even when those claims of error are constitutionally based. *Id.* at 16. *See Garrett,* 829 S.W.2d at 628. "The rules of appellate review require an objection and proper request for relief as a predicate to examination on appeal of matters arising at trial." *State v. McNutt,* 748 S.W.2d 408, 410 (Mo.App.1988).

■ Third, the argument portion of Defendant's brief never refers to or attempts to develop his claim that the trial court's ruling of his objection "deprived [Defendant] of due process and a fair trial." In a criminal appeal, the appellant's points relied on must be developed by argument in the brief, including appropriate case law support. *State v. Khoshaba,* 878 S.W.2d 472, 475[1] (Mo.App.1994). Where, as here, the argument portion of the appellant's brief does not contain any argument supporting the allegation of error set out in the corresponding point re-

---

**2.** All rule references are to Supreme Court Rules (1998) unless otherwise indicated.

    With certain exceptions that are inapplicable here, Rule 29.11(d) provides: "In jury-tried cases, allegations of error to be preserved for appellate review must be included in a motion for new trial...."

lied on, that part of the appeal is deemed abandoned. *State v. Wright,* 934 S.W.2d 575, 582[13] (Mo.App.1996).

For the foregoing reasons, Defendant's claim has not been properly preserved, and we will not review it on the merits. We have, nevertheless, exercised our discretion to review this point for plain error.[3] We find no such error here.

■■■■ In reaching this conclusion, we are mindful that in a criminal case involving a conflict of interest, the accused does not have to show prejudice. *State v. Ross,* 829 S.W.2d 948, 952[1] (Mo.banc 1992). "Prejudice is presumed, subject to rebuttal only upon a showing that the defendant waived the conflict *and* that steps were taken to insulate the actual prosecution from the conflict." *Id.*

■■■■ Even so, "[*p*]*lain error* and *prejudicial error* are not synonymous terms." *State v. Varvera,* 897 S.W.2d 198, 201[6] (Mo.App.1995). "The determination of whether plain error exists must be based on a consideration of the facts and circumstances of each case." *Id.* at 201[8] "Plain error is one that is evident, obvious and clear." *State v. Knight,* 920 S.W.2d 612, 613[2] (Mo.App.1996).

The allegedly impermissible prosecutorial conflict in this case occurred when the disqualified prosecutor and certain of his staff aided the special prosecutor in evaluating the jury panel. Thus, the jury selection process is the only possible source for claims of impropriety, appearances of impropriety, or plain error affecting substantial rights of Defendant. Defendant did not, however, complain at any time before or during his trial that he did not have a fair and impartial jury. On the contrary, he affirmatively told the trial judge he had no objections to the State's peremptory challenges and voiced no objections to the jury or to any of its individual members.

More importantly, Defendant does not contend on appeal that the prosecutorial conflict denied him a fair and impartial jury. Because Defendant makes no such claim, there occurred no plain error within the meaning of Rule 29.12(b). *See State v. Thomas,* 530 S.W.2d 265, 268 (Mo.App. 1975).

In reaching this conclusion, we have not ignored the cases relied upon by Defendant. We do, however, find them distinguishable. For instance, *State v. Reinschmidt,* 984 S.W.2d 189 (Mo.App.1998), was not reviewed under the plain error standard. There, the defendant preserved his conflict of interest claim by timely objection and by raising it in his motion for new trial. Moreover, in *Reinschmidt,* the Greene County prosecutor's office handled the case throughout trial despite the defendant's timely request to disqualify the prosecutor's office on the ground that an assistant prosecutor formerly represented the defendant. Those are not the facts or circumstances of this case.

In *Ross,* 829 S.W.2d 948, our supreme court had to decide whether an entire prosecutor's office should have been disqualified because two part-time prosecutors also worked for a private law firm that represented the defendant in civil litigation stemming from the same incident that had given rise to the criminal charges. The defendant's attorneys claimed they were unable to confirm the dual employment until after the trial. Consequently, they first raised the conflict issue in the motion for new trial. Two hearings were held on the motion for new trial. At the post-trial hearings, the defendant testified that one of the dually employed lawyers "knew all about his case." *Id.* at 950. He also testified that he considered testifying in his criminal case, but that the attorney-conflict had "some bearing" on his decision

3. Rule 29.12(b) provides: "Plain errors affecting substantial rights may be considered in the discretion of the court when the court finds that manifest injustice or miscarriage of justice has resulted therefrom." In pertinent part, Rule 30.20 provides: "Whether briefed or not, plain errors affecting substantial rights may be considered in the discretion of the court when the court finds that manifest injustice or miscarriage of justice has resulted therefrom."

not to testify. *Id.* Based on this evidence, he argued to the supreme court that the potential conflict of interest "chilled" him from testifying. *Id.* It was in that factual context that the supreme court held it would "not require a showing of actual prejudice *in a case of this type.*" *Id.* at 952. (Emphasis supplied.) Again, those are not the facts of this case. Defendant never offered to make any record about the extent of his communications with his former defense counsel. Nor did he proffer any evidence on how the conflict deprived him of a fair trial or "chilled" him in presenting a defense. In fact, Defendant did testify in this case. Perhaps Defendant decided not to pursue the conflict issue more aggressively because he believed this jury was more favorable to him than another might have been, or perhaps, as a matter of trial strategy, he wanted to set the stage for built-in error. Whatever his reason, Defendant did not preserve his conflict claim as did the defendant in *Ross.*

In *State v. Croka,* 646 S.W.2d 389 (Mo. App.1983), a county prosecutor's office disqualified itself because a newly hired assistant had represented the defendant on criminal charges that were still pending. The disqualified county prosecutor did not remain uninvolved, however. Rather, the prosecutor met with a prosecution witness who was scheduled to be deposed by the defense later that same day and told her "what to expect." *Id.* at 392. On appeal, the defendant complained that the trial court erred in failing to grant him a new trial because of the improper conduct of the disqualified prosecutor. The *Croka* court did not, however, reach that issue. The court reversed the case on other grounds and held that "the impropriety of the discussion between the prosecuting attorney and the witness is mooted for purposes of disposition of this appeal." *Id.* at 393. Continuing, the *Croka* court noted that "[t]here remains ... the latent prob-

lem of actual prejudice, if any, which the incident may have generated. This record permits no evaluation of such claim." *Id.* On remand for a new trial, the court directed the trial court to permit the defense to inquire into the substance of the conversation between the prosecutor and the witness to determine whether the defendant had suffered actual prejudice. Considering the *Croka* court's disposition of the appeal, the case does not mandate reversal here.

Finally, Defendant relies on *State v. Boyd,* 560 S.W.2d 296 (Mo.App.1977). It is distinguishable on two bases. First, it was not reviewed under the plain error standard. Second, the assistant prosecutor who actually tried the case had been a staff attorney with the Jackson County public defender's office at the time that office agreed to represent Boyd on the same charges.

■ Unlike the foregoing cases, we have reviewed only for plain error. Relief under Rule 29.12(b) is available only when an alleged error so substantially affects a defendant's rights that a manifest injustice or miscarriage of justice inexorably results if left uncorrected. *State v. Hadley,* 815 S.W.2d 422, 423[1] (Mo.banc 1991). Applying that standard to this case, we find that the trial court did not plainly err in overruling Defendant's objection to the disqualified county prosecutor's office assisting the special prosecutor with jury selection.[4] Defendant's point is denied.

The judgment of the trial court is affirmed.

GARRISON, C.J., BARNEY, J., concur.

---

4. We hasten to add, however, that once the Pemiscot County prosecutor's office was disqualified, the special prosecutor should not have asked the Pemiscot County prosecutor's office for any assistance, and the county prosecutor should not have willingly participated, even to the extent of aiding in jury selection. *See State v. Burns,* 322 S.W.2d 736, 742 (Mo. banc 1959).