Adam **HAMILTON**, Movant–Appellant,

v.

**STATE** of Missouri, Respondent–Respondent.

No. 23518.

Missouri Court of Appeals,
Southern District,
Division One.

Sept. 15, 2000.

Motion for Rehearing and Transfer
Denied Oct. 10, 2000.

Application for Transfer Denied
Dec. 5, 2000.

Mark A. Grothoff, Asst. Public Defender, Columbia, for appellant.

Jeremiah A. (Jay) Nixon, Atty. Gen., Andrea L. Mazza, Asst. Atty. Gen., Jefferson City, for respondent.

KENNETH W. SHRUM, Judge.

This is a Rule 29.15 case in which the motion court dismissed Movant's request for post-conviction relief without an evidentiary hearing.[1] Movant appeals, charging the motion court with reversible error for not holding an evidentiary hearing on his ineffective assistance allegation that his trial lawyer mishandled a prosecutorial conflict issue. We disagree. In Movant's direct appeal, we found no "manifest injustice" or "miscarriage of justice" resulted from the prosecutorial conflict problem.[2] Our finding in *Hamilton I* forecloses Movant from relitigating this issue as a post-conviction claim. We affirm.

A jury convicted Movant of one count of robbery in the first degree, § 569.020, one count of assault in the first degree, § 565.050, and two counts of armed criminal action, § 571.015.[3] Because he was a prior and persistent offender, the trial court imposed the sentences.

Movant appealed the judgment to this court, maintaining "[t]he trial court erred in overruling [Movant's] objection and letting [a disqualified prosecutor] help select the jury." *Hamilton,* 996 S.W.2d at 761. Because this claim of trial court error was neither preserved nor properly briefed, we reviewed Movant's point "only for plain error." *Id.* at 761–62. We affirmed the judgment after finding "no manifest injustice or miscarriage of justice" resulted from the prosecutor's misconduct. *Id.* at 763.

After incarceration, Movant timely filed both pro se and amended motions for post-

---

1. All rules references are to Supreme Court Rules (2000), unless otherwise stated.

2. Movant's appeal from the judgment of conviction and sentence is reported in *State v.* *Hamilton,* 996 S.W.2d 758 (Mo.App.1999) ("*Hamilton I* ").

3. All statutory references are to RSMo 1994.

conviction relief pursuant to Rule 29.15. Movant alleged, *inter alia*, he was denied effective assistance of counsel because his trial lawyer "failed to specifically object to the State's strikes of venirepersons, failed to request any remedial action for the prosecutorial misconduct, and failed to assert the prosecutorial misconduct in the motion for new trial."

The motion court dismissed Movant's Rule 29.15 motion without an evidentiary hearing. On appeal, Movant raises only one point of error. In relevant part, Movant's point reads:

> "The motion court clearly erred in denying [Movant's] motion for post-conviction relief because ... [Movant] was denied due process of law and effective assistance of counsel ... in that a prosecutorial conflict of interest arose when a disqualified prosecutor assisted the special prosecutor with jury selection and ... [Movant's] trial counsel ... failed to specifically object to the State's strikes of venirepersons, failed to request any remedial action and failed to assert the prosecutorial misconduct in appellant's motion for new trial."

■ A motion court is not required to grant a movant an evidentiary hearing on a claim unless (1) the movant pleads facts, not conclusions, which if true would warrant relief, (2) the facts alleged are not refuted by the record, and (3) the matters complained of resulted in prejudice to the movant. *State v. Blankenship*, 830 S.W.2d 1, 16[27] (Mo.banc 1992).

■ To prevail on a claim of ineffective assistance of counsel, a movant must show: First, that trial counsel failed to exercise the customary skill and diligence of a reasonably competent attorney under similar circumstances; and, second, counsel's deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687–88, 104 S.Ct. 2052, 2064–65, 80 L.Ed.2d 674 (1984). Prejudice under the *Strickland* analysis is shown where "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would be different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694, 104 S.Ct. at 2068.

■ If it is easier to dispose of a claim of ineffective assistance of counsel on the ground there was not sufficient prejudice, a court should follow that course. *Sidebottom v. State*, 781 S.W.2d 791, 796[9] (Mo. banc 1989). There is no reason for a court to address both components of the test if the movant fails to make a sufficient finding on one. *Id.*

■ Here, Movant has generally ignored the prejudice prong of an ineffective assistance of counsel claim or has demonstrated his misunderstanding thereof.

First, Movant pleads prejudice in his Rule 29.15 motion in only the most conclusory fashion, i.e., "as a result, movant was prejudiced." Such conclusory pleading of an essential element of a post-conviction case supports the dismissal entered by the motion court. *See State v. Brooks*, 960 S.W.2d 479, 497[42] (Mo.banc 1997).

■■ Second, we note Movant's point relied on makes no claim he was prejudiced by his lawyer's alleged ineffectiveness. "The questions for decision on appeal are those stated in the points relied on; a question not there presented will be considered abandoned." *Schmidt v. Warner*, 955 S.W.2d 577, 583[5] (Mo.App.1997). Movant's position on the prejudice issue only appears in the argument part of his brief. "Issues to which an appellant alludes only in the argument portion of his brief are not presented for review." *Perry v. State*, 11 S.W.3d 854, 859 n. 4[16] (Mo. App.2000).

Third, Movant's belated briefing of prejudice relies on the principle that "[i]n a criminal case involving a prosecutorial conflict of interest, the accused does not have to show prejudice; prejudice is presumed." *See e.g., State v. Ross*, 829 S.W.2d 948, 952[1] (Mo.banc 1992); *State v. Reinschmidt*, 984 S.W.2d 189, 192 (Mo.App.1998).

As sound as the rule is in some cases, it has no application here. The rule attends in *direct appeals* involving *preserved* claims of trial court error in its rulings on prosecutorial conflict of interest questions. This is not the situation here. This is Movant's appeal from dismissal of his post-conviction motion, not his direct appeal from the judgment in his criminal case. The cases cited by Movant simply do not aid him because of the circumstances. Further, we find no "on-point" authority for the notion that "prejudice," as contemplated by *Strickland* and its progeny, can be *presumed* in a post-conviction motion case when the claim of ineffective assistance centers on a trial lawyer's alleged mishandling of prosecutorial conflict issues.

■ Fourth, a defense lawyer renders ineffective assistance of counsel only if his or her conduct "so undermines the proper functioning of the adversary system that the trial cannot be relied on as having rendered a just result." *State v. McKee,* 856 S.W.2d 685, 693[18] (Mo.App.1993). Here, the question of whether Movant's criminal trial "rendered a just result" was decided adversely to him in *Hamilton I.* Specifically, *Hamilton I* found no injustice or miscarriage of justice resulted from the prosecutorial conflict of interest. 996 S.W.2d at 763. The issue now raised by Movant's Rule 29.15 allegations is closely akin to the question considered and rejected in Movant's direct appeal. On the facts of this case, our finding of no manifest injustice under the "plain error" standard on direct appeal serves to establish a finding of no prejudice under the test for ineffective assistance of counsel provided in *Strickland. See State v. Kelley,* 953 S.W.2d 73, 91 (Mo.App.1997). *See also State v. Nolan,* 872 S.W.2d 99, 104 (Mo. banc 1994); *McKee,* 856 S.W.2d at 692–3. Having failed to show the prejudice prong under the *Strickland* standard, Movant has not established he received ineffective assistance of counsel. We are not left with the definite and firm impression a mistake was made and do not find the motion court's findings and conclusions are clearly erroneous. Point denied.

The judgment of the motion court is affirmed.

PARRISH, P.J., concurs.

MONTGOMERY, J., concurs.