**STATE of Missouri, Respondent,**

v.

**Timothy M. PROSSER, Defendant/Appellant.**

**No. ED 85733.**

Missouri Court of Appeals, Eastern District, Division Three.

Dec. 20, 2005.

Motion for Rehearing and/or Transfer to Supreme Court Denied Feb. 6, 2006.

Application for Transfer Denied April 11, 2006.

Ellen H. Flottman, Nancy A. McKerrow, Columbia, MO, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Stephanie Morrell, Asst. Atty. Gen., Jefferson City, MO, for respondent.

LAWRENCE E. MOONEY, Judge.

The question presented for our determination is whether, under Missouri's recently adopted bifurcated trial procedure for non-capital criminal cases, the issue of parole ineligibility is a matter for the jury's consideration. The defendant, Timothy M.

Prosser, argues in the affirmative, and thus appeals the judgment entered upon his convictions, alleging the trial court erred in denying his requests to inform the jury that any sentence imposed for first-degree trafficking would be served without parole. The defendant argues that, by bifurcating trials, the legislature intended to allow juries to make more informed decisions about the appropriate punishment, and that, in accord with that intent, the jury had the right to know that any sentence imposed would be served without parole. We hold that there is nothing in the new bifurcation statute that justifies a departure from the settled law that issues of probation and parole are not for the jury's consideration. Thus, we affirm.

### Factual Background

The defendant was charged, in part, with first-degree trafficking, in violation of Section 195.222 RSMo.2000,[1] for knowingly manufacturing ninety grams or more of a compound or mixture containing methamphetamine.[2] As mandated by statute, the sentence for first-degree trafficking of ninety grams or more of methamphetamine is to be served without probation or parole. Section 195.222.8(2). The defendant sought during the punishment phase of trial to submit a modified jury instruction on the range of punishment or, in the alternative to such instruction, to be able to argue to the jury that the defendant would not be eligible for parole on any

sentence imposed on the first-degree trafficking count. The trial court denied the defendant's requests. The jury returned a verdict of guilty on the first-degree trafficking charge, as well as the charges of possession of a chemical, pseudoephedrine, with intent to create a controlled substance, and possession of paraphernalia with intent to make methamphetamine. The trial court sentenced the defendant, in accordance with the jury's recommendation, to consecutive terms of life imprisonment for first-degree trafficking, seven years for possession of a chemical, and four years for possession of paraphernalia. The defendant appeals, alleging the trial court abused its discretion in denying the defendant's motions and in refusing to inform the jury that any sentence imposed for first-degree trafficking would be served without parole.[3]

### Discussion

It is well-established law in Missouri that it is not error for the trial court to fail or refuse to inform the jury that no parole, probation, suspended sentences, or any other form of judicial clemency would be exercised in the event of conviction. *State v. Rollins,* 449 S.W.2d 585, 591 (Mo. 1970). "Issues such as parole, probation, suspended sentences, or any other form of judicial clemency are considered extraneous to the jury's determination of guilt and *punishment.*" *Deckard v. State,* 110

1. All further statutory references are to RSMo.2000, unless otherwise indicated.

2. The defendant was also charged with possession of a chemical, pseudoephedrine, with intent to create a controlled substance, section 195.420; possession of paraphernalia with intent to make methamphetamine, section 195.233; possession of a chemical, red phosphorous, with intent to create a controlled substance, section 195.420; and possession of a chemical, iodine, with intent to

create a controlled substance, section 195.420.

3. The defendant raises a total of four allegations of trial-court error. We summarily deny three of these claims and find that no jurisprudential purpose would be served by an exposition of the facts and law. Rule 30.25(b). The parties have been furnished with a memorandum, for their information only, setting forth the reasons for our decision.

S.W.3d 891, 895 (Mo.App. S.D.2003) *citing State v. Massey,* 60 S.W.3d 625, 628–29 (Mo.App. W.D.2001). (Emphasis added). These matters are of "no concern" to the jury. *State v. Olinghouse,* 605 S.W.2d 58, 69 (Mo. banc 1980); *see also, State v. Cornett,* 381 S.W.2d 878, 881–2 (Mo.1964).

█ The defendant acknowledges this established precedent, but contends that by bifurcating criminal trials, the Legislature must have intended that the jury have a broader range of evidence during the penalty phase of trial, thus allowing for an accurate and knowledgeable assessment of the appropriate punishment. The defendant argues that, in accord with the Legislature's intent, the jury had the right to know that any sentence imposed for first-degree trafficking in this case would be served without parole.

This Court's primary goal in construing a statute is to ascertain the intent of the legislature from the language used in the statute, and, whenever possible, give effect to that intent. *In re Boland,* 155 S.W.3d 65, 67 (Mo. banc 2005). The Legislature

amended section 557.036 in 2003 and, in so doing, provided for bifurcated trials in non-capital criminal cases.[4] Under this newly adopted procedure, if an offense is submitted to a jury, trial is held in two stages—a guilt stage and a punishment stage. Section 557.036.2 RSMo. (Cum. Supp.2004).[5] If the jury at the first stage of trial finds a defendant guilty of the submitted offense, the second stage proceeds for the jury to assess and declare punishment.[6] Section 557.036.3. This represents a change from prior law, which provided that the jury assess and declare the punishment in the same proceeding during which the defendant's guilt was found.

The Legislature provided in the amended statute that evidence supporting or mitigating punishment may be presented during the punishment stage. *Id.* The Legislature then listed representative examples of what evidence may be presented, within the court's discretion. Such evidence may include victim-impact evidence, as well as evidence of the nature and circumstances of the offense, and the

---

**4.** Section 557.036.3, as amended in 2003, provides:

> If the jury at the first stage of a trial finds the defendant guilty of the submitted offense, the second stage of the trial shall proceed. The issue at the second stage of the trial shall be the punishment to be assessed and declared. Evidence supporting or mitigating punishment may be presented. Such evidence may include, within the discretion of the court, evidence concerning the impact of the crime upon the victim, the victim's family and others, the nature and circumstances of the offense, and the history and character of the defendant. Rebuttal and surrebuttal evidence may be presented. The state shall be the first to proceed. The court shall instruct the jury as to the range of punishment authorized by statute for each submitted offense. The attorneys may argue the issue of punishment to the jury, and the state shall have the right to open and close the argument. The jury

> shall assess and declare the punishment as authorized by statute.

**5.** All further statutory references to Section 557.036 are to RSMo. (Cum.Supp.2004).

**6.** The second stage of trial does not proceed in certain exceptions, as set forth in Section 557.036.4. That section provides as follows:

> A second stage of the trial shall not proceed and the court, and not the jury, shall assess punishment if:
> (1) The defendant requests in writing, prior to voir dire, that the court assess the punishment in case of a finding of guilt; or
> (2) The state pleads and proves the defendant is a prior offender, persistent offender, dangerous offender, or persistent misdemeanor offender as defined in section 558.016, RSMo, a persistent sexual offender as defined in section 558.018, RSMo, or a predatory sexual offender as defined in section 558.018, RSMo.

history and character of the defendant. *Id.* It is clear from the nature of the examples that such evidence may be relevant to punishment but logically and legally irrelevant to guilt and, thus, kept from the jury's consideration under the former unitary trial system. An examination of the new bifurcation statute leads this Court to conclude that the purpose of having a separate penalty phase in non-capital trials, as in capital trials, is to permit a broader range of evidence relevant to the appropriate punishment to be imposed. *See State v. Ervin,* 979 S.W.2d 149, 158 (Mo. banc 1998)(capital trials).

There is scant reason to believe, however, that in amending the statute the Legislature intended the jury to be instructed differently than it had been prior to the statute's amendment. The amended statute provides that "[t]he court shall instruct the jury as to the range of punishment authorized by statute for each submitted offense" and that "[t]he jury shall assess and declare the punishment as authorized by statute." Section 557.036.3. These statutory provisions are substantially identical to the language of the statute prior to amendment.[7] Although we acknowledge that a jury is best-equipped to assess and declare punishment when it is accurately informed as to both the facts of the case and the law to be applied, we see nothing in the new bifurcation statute that justifies a departure from the settled law that issues of probation and parole are not for the jury's consideration. If the Legislature intended such a significant departure from established practice to be accomplished by the bifurcation statute, surely it would have done so explicitly. Therefore, we hold that it was not error for the trial

court to refuse to inform the jury that any sentence imposed for first-degree trafficking would be served without parole. Point denied.

Judgment affirmed.

KATHIANNE KNAUP CRANE, P.J., and BOOKER T. SHAW, J., concur.

---

7. Before 2003, Section 557.036 provided as follows:

  2. The court shall instruct the jury as to the range of punishment authorized by stat-

ute and upon a finding of guilt to assess and declare the punishment as a part of their verdict. . . .