John CAROLLO, Movant–Appellant,

v.

STATE of Missouri, Respondent–Respondent.

No. 27848.

Missouri Court of Appeals,
Southern District.
Division One.

Feb. 5, 2007.

Mark A. Grothoff, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Joshua N. Corman, Jefferson City, for respondent.

NANCY STEFFEN RAHMEYER, Presiding Judge.

John Carollo ("Movant"), appeals the denial without an evidentiary hearing of his Rule 29.15 motion.[1] He contends that he pled factual allegations, which, if proven, would warrant relief and which are not refuted by the record. Movant's claim concerning the effectiveness of his counsel involves the alleged failure to instruct the jury on the statutes requiring him to serve eighty-five percent of any sentence imposed before becoming eligible for parole. The specific issue before us is whether a claim that trial counsel failed to bring before the jury information concerning eligibility for parole is a factual claim that warrants an evidentiary hearing. We find that it is not.

Movant was convicted in a jury trial of one count of murder in the second degree, a violation of § 565.021,[2] and one count of armed criminal action, a violation of § 571.015, in the death of Gilbert Warnick; he was sentenced to concurrent terms of life imprisonment and twenty years. The convictions and a sentence were affirmed on direct appeal. *State v. Carollo*, 172 S.W.3d 872, 876 (Mo.App. S.D.2005). The facts surrounding the murder are not in contention in this appeal; therefore, we shall not restate them.

Movant's counsel filed a motion to inform the jury during the penalty phase that Movant would have to serve eighty-five percent of his sentences as a dangerous offender, or in the alternative, to argue to the jury the limitation on his parole eligibility with the trial court. Movant's counsel argued to the court during the

trial that one of the reasons that the legislature adopted the bifurcated system was so that the jury would have more information, like the eighty-five percent requirement, to make a more informed decision during sentencing. The prosecutor countered that parole eligibility is a collateral consequence and is not something that is provided for in the instructions for the jury; he noted that the fact that there is no such instruction on parole eligibility strongly suggests that such an instruction is improper. The trial court indicated that the jury should have whatever information the judge would have; however, because Movant's counsel did not have an instruction prepared, it denied the giving of an instruction but granted Movant's request to argue the issue to the jury.

Subsequently, an issue arose about how to inform the jury of Movant's prior convictions. Normally, the State claimed it would inform the judge about the defendant's prior convictions in the absence of a trial as a persistent or prior offender. The court indicated that the State would be allowed to tell the jury of the prior offenses even in the absence of certified records. After a discussion on the record and with Movant's assent, Movant's counsel agreed not to address the eighty-five percent requirement and the prosecutor agreed not to discuss any prior convictions. During deliberations, the jury sent the following question to the court:

> Jury members would like to know if [Movant] has been incarcerated since [his] arrest in April of 2002. Also would like to know how quickly someone can be paro[l]ed relative to term of sent[e]nce.

Both parties agreed that the court would not answer the question and the court informed the jury they should be guided

---

1. All rule references are to Missouri Court Rules (2006), unless otherwise specified.

2. All references to statutes are to RSMo 2000, unless otherwise specified.

by the instructions and evidence that they had received and no additional information was available.

Although Movant argues that the issue in this case is "whether the motion court erred in refusing to grant an evidentiary hearing on his Rule 29.15 motion and not whether [Movant] is entitled to relief," Movant's argument addresses the merits of whether a reasonably competent attorney would have drafted an instruction and argued to the jury about the eighty-five percent requirement. We, too, must address the issue of whether Movant has pled facts which, if true, would entitle him to relief. To make that determination we must decide whether a failure to instruct the jury on the eighty-five percent requirement for parole eligibility constitutes a claim for ineffective assistance of counsel. Movant has not provided cases to support his proposition. Instead, Movant argues the jury should have been informed of the statutory requirement that he serve eighty-five percent of his sentence before becoming eligible for parole because it is statutory and not a discretionary matter. We do not find that argument persuasive.

After § 557.036 was amended in 2003 to allow for bifurcated proceedings, there was some uncertainty, as the motion court noted, as to what evidence would be acceptable in the punishment phase of the trial. Since that time, the appellate courts, consistent with well-established law in Missouri, held that parole eligibility in noncapital cases was not a matter for jury consideration. *See State v. Prosser*, 186 S.W.3d 330, 331–33 (Mo.App. E.D.2005); *see also Deckard v. State*, 110 S.W.3d 891, 895 (Mo.App. S.D.2003) ("Issues such as parole ... are considered extraneous to the jury's determination of guilt and punishment.").

We find *Prosser* to be dispositive in this matter. Movant has not alleged facts which, if true, entitle him to relief. There

is "nothing in the new bifurcation statute that justifies a departure from the settled law that issues of probation and parole are not for the jury's consideration." *Prosser*, 186 S.W.3d at 333. Movant was not entitled to give the jury any instruction in this case concerning the collateral effects of his parole eligibility, nor was he ineffective in failing to request that the court advise the jury of the eighty-five percent requirement after the jury questioned how quickly someone can be paroled. Thus, the trial court did not err in denying without an evidentiary hearing Movant's claim of ineffective assistance of counsel.

The judgment is affirmed.

PARRISH, J., SCOTT, J., concur.