Hector CARDENAS, Appellant,

v.

STATE of Missouri, Respondent.

No. WD 67438.

Missouri Court of Appeals, Western District.

Aug. 28, 2007.

Margaret Mueller Johnston, Columbia, MO, for appellant.

Shaun J. Mackelprang, Assistant Attorney General, Jefferson City, MO, for respondent.

Before VICTOR C. HOWARD, Chief Judge, PATRICIA BRECKENRIDGE, Judge and JOSEPH M. ELLIS, Judge.

JOSEPH M. ELLIS, Judge.

Appellant Hector Cardenas appeals the denial after an evidentiary hearing of his Rule 29.15 motion for ineffective assistance of counsel. Specifically, he asserts that his trial counsel was ineffective for failing to request a jury instruction indicating that Appellant would be required to serve at least 85% of his sentence in response to the jury's question about parole eligibility. For the following reasons, we affirm.

The underlying facts of the case are not in contention, so we do not address them. Appellant was charged by amended information with two counts of assault in the first degree, § 565.050,[1] two counts of armed criminal action, § 571.015, and two counts of tampering in the first degree, § 569.080. The case was tried to a jury, and Appellant was convicted of all six charges.

While the jury was deliberating during the penalty phase, it sent a note out to the court asking, "Will the sentences run concurrently? Is it possible for us to know the guidelines for eligibility for parole?" The court responded, "The only response I can give you, is that you must be guided by the instructions given to you and the evidence presented." Both the State and Appellant's counsel agreed that this was the appropriate response for the court to give the jury.

The jury recommended a sentence of fifteen years each for the assault counts (Counts I & III), three years each for the armed criminal action counts (Counts II & IV), two years on one count of tampering (Count V), and four years on the other count of tampering (Count VI). The court subsequently sentenced Appellant in accordance with the jury's recommendation, with Counts I, II, and IV to run consecutively to each other and concurrently with Counts III and V, for a total of twenty-one years. Appellant's convictions and sentences were affirmed on direct appeal. *State v. Cardenas,* 171 S.W.3d 791 (Mo. App. W.D.2005).

Appellant filed a timely *pro se* Rule 29.15 motion, and appointed counsel filed a timely amended motion. In the motion, Appellant asserted six grounds for ineffective assistance of counsel, only one of which is the subject of this appeal. In relevant part, Appellant alleged that his trial counsel was ineffective for failing to object to the court's response to the jury's question about the guidelines for parole eligibility. He alleged that a reasonably competent attorney would have objected and submitted a non-MAI instruction to inform the jury that Appellant would be required to serve 85% of any sentence imposed for the first-degree assault charges prior to parole eligibility, pursuant to §§ 556.061 and 558.019. Appellant argued that there was a reasonable probability that had the jury been advised of the 85% minimum, they would have recommended a lower sentence for the first-degree assault charges and the outcome for Appellant would have been different.

---

1. All statutory citations are to RSMo 2000, unless otherwise noted.

The motion court denied Appellant's motion after an evidentiary hearing. In its judgment, the court found that trial counsel was not ineffective for failing to object to the court's response or offer a jury instruction regarding parole eligibility because there is no legal basis for instructing the jury that Appellant would be required to serve 85% of his sentence. The court further found that Missouri courts have held that it is not error for a trial court not to instruct the jury on parole issues. This appeal follows.

In his sole point in the instant appeal, Appellant asserts that the motion court erred in finding that his trial counsel was not ineffective for failing to object to the trial court's response to the jury's question and for failing to request an instruction concerning the requirement that he serve 85% of any sentence imposed before becoming eligible for parole.

"Our review of the motion court's denial of a Rule 29.15 motion is limited to determining whether the findings and conclusion of the motion court are clearly erroneous." *Butler v. State*, 108 S.W.3d 18, 25 (Mo.App. W.D.2003) (citing *Rule 29.15(k)* ). " 'Findings and conclusions are clearly erroneous if, after a review of the entire record, the court is left with the definite and firm impression that a mistake has been made.' " *Masden v. State*, 62 S.W.3d 661, 664 (Mo.App. W.D.2001) (quoting *Moss v. State*, 10 S.W.3d 508, 511 (Mo. banc 2000)).

In order to prevail on a claim of ineffective assistance of counsel, a movant must satisfy the two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674, 693 (1984), requiring proof by a preponderance of the evidence that: (1) his trial counsel's performance did not conform to the degree of skill, care, and diligence of a reasonably competent attorney; and (2) his defense was prejudiced as a result.

*Vogel v. State*, 31 S.W.3d 130, 135 (Mo. App. W.D.2000). "Appellant must establish both prongs of this test in order to prevail, and if he fails to satisfy either prong, we need not consider the other." *Butler*, 108 S.W.3d at 25 (citing *State v. Simmons*, 955 S.W.2d 729, 746 (Mo. banc 1997)). "Prejudice is established by demonstrating that, but for counsel's action, there is a reasonable probability that the trial would have resulted in a different outcome." *Perkey v. State*, 68 S.W.3d 547, 549 (Mo.App. W.D.2001) (citing *State v. Hall*, 982 S.W.2d 675, 680 (Mo. banc 1998)).

Appellant's arguments in the instant appeal are identical to those rejected in *State v. Prosser*, 186 S.W.3d 330 (Mo.App. E.D. 2005), in the context of determining whether the trial court erred in refusing to inform the jury that any sentence imposed would not be eligible for parole. *Id.* at 331–33. As in *Prosser*, Appellant acknowledges the established precedent that "it is not error for the trial court to fail or refuse to inform the jury [concerning issues of parole eligibility]" because such issues are " 'considered extraneous to the jury's determination of guilt and punishment.' " *Id.* at 331 (quoting *Deckard v. State*, 110 S.W.3d 891, 895 (Mo.App. S.D. 2003)) (emphasis omitted); *see also State v. Olinghouse*, 605 S.W.2d 58, 69 (Mo. banc 1980); *State v. Massey*, 60 S.W.3d 625, 628 (Mo.App. W.D.2001). However, as in *Prosser*, Appellant "contends that by bifurcating criminal trials, the Legislature must have intended that the jury have a broader range of evidence during the penalty phase of the trial, thus allowing for an accurate and knowledgeable assessment of the appropriate punishment." *Prosser*, 186 S.W.3d at 332. Appellant notes that § 557.036.3, RSMo Cum.Supp.2004, does

not expressly prohibit the trial court from informing the jury about parole eligibility.

Appellant cites no relevant cases to support his contention.[2] He argues only that *Massey* and *Olinghouse*, on which the motion court relied, were decided prior to the amendment to § 557.036.3 allowing a separate sentencing phase in non-capital cases and are, therefore, no longer applicable. He does not address the court's holding in *Prosser*, which was decided after the amendment.

> The Legislature amended section 557.036 in 2003 and, in so doing, provided for bifurcated trials in non-capital criminal cases. Under this newly adopted procedure, if an offense is submitted to a jury, trial is held in two stages—a guilt stage and a punishment stage. If the jury at the first stage of trial finds a defendant guilty of the submitted offense, the second stage proceeds for the jury to assess and declare punishment. This represents a change from prior law, which provided that the jury assess and declare the punishment in the same proceeding during which the defendant's guilt was found.

186 S.W.3d at 332 (internal footnotes and citations omitted).

The *Prosser* court examined the statute and determined that "the purpose of having a separate penalty phase in non-capital trials, as in capital trials, is to permit a broader range of evidence relevant to the appropriate punishment to be imposed." *Id.* at 333. It further stated,

> There is scant reason to believe, however, that in amending the statute the Legislature intended the jury to be instructed differently than it had been prior to the statute's amendment. The amended statute provides that "[t]he court shall instruct the jury as to the range of punishment authorized by statute for each submitted offense" and that "[t]he jury shall assess and declare the punishment as authorized by statute." These statutory provisions are substantially identical to the language of the statute prior to amendment. Although we acknowledge that a jury is best-equipped to assess and declare punishment when it is accurately informed as to both the facts of the case and the law to be applied, we see nothing in the new bifurcation statute that justifies a departure from the settled law that issues of probation and parole are not for the jury's consideration. If the Legislature intended such a significant departure from established practice to be accomplished by the bifurcation statute, surely it would have done so explicitly.

*Id.* (internal footnote and citation omitted).

The same arguments asserted by Appellant were again rejected in *Carollo v. State*, 212 S.W.3d 244 (Mo.App. S.D.2007), specifically in the context of trial counsel's "failure to instruct the jury on the statutes requiring him to serve eighty-five percent of any sentence imposed before becoming

---

2. Appellant mistakenly relies on *Kelly v. South Carolina*, 534 U.S. 246, 122 S.Ct. 726, 151 L.Ed.2d 670 (2002), for the proposition that juries contemplating sentencing must be "adequately and clearly informed about parole eligibility." The holding in *Kelly* is not as broad as Appellant contends. The Court merely reaffirmed its prior holding in *Shafer v. South Carolina*, 532 U.S. 36, 39, 121 S.Ct. 1263, 149 L.Ed.2d 178 (2001), that "due process entitles the defendant to inform the jury of [his] parole ineligibility, either by a jury instruction or in arguments by counsel" where "a capital defendant's future dangerousness is at issue, and the only sentencing alternative to death available to the jury is life imprisonment without possibility of parole." 534 U.S. at 248, 122 S.Ct. at 728, 151 L.Ed.2d 670 (internal quotations omitted). None of those qualifications are present in the case *sub judice*.

eligible for parole." *Id.* at 245. Relying on *Prosser,* the court concluded that "[m]ovant was not entitled to give the jury any instruction in this case concerning the collateral effects of his parole eligibility, nor was [counsel] ineffective in failing to request that the court advise the jury of the eighty-five percent requirement after the jury questioned how quickly someone can be paroled." *Id.* at 246.

As in *Prosser* and *Carollo,* the motion court did not err in finding that Appellant's trial counsel was not ineffective for failing to request a jury instruction concerning the eighty-five percent requirement in response to the jury's question about parole eligibility. The motion court's findings and conclusions are not clearly erroneous. Point denied.

The motion court's ruling is affirmed.

All concur.