STATE of Missouri, Respondent

v.

Terry LYNCH, Appellant.

No. 45915.

Missouri Court of Appeals,
Eastern District,
Northern Division.

Oct. 18, 1983.

Thomas Dietrich, Bowling Green, Robert Wolfrum, St. Charles, for appellant.

Rockne Calhoun, Louisiana, John Ashcroft, Atty. Gen., Carrie Francke, Jefferson City, for respondent.

CRIST, Judge.

A jury convicted defendant of two counts of second degree burglary, § 569.170 RSMo 1978. He was sentenced to one year in the county jail on each count, the sentences to run concurrently. We affirm.

The sufficiency of the evidence goes unchallenged. The charge arose from the burglary of two businesses in Clarksville, Missouri.

> The jury rendered the following verdicts: As to Count I, we, the jury, find the Defendant, Terry J. Lynch, guilty of Burglary in the Second Degree, as submitted in Instruction No. 5.
>
> We assess and declare the punishment at imprisonment in the County Jail for a term of one year, *and recommend probation.* (Emphasis added.)
>
> As to Count II, we, the Jury, find the Defendant, Terry J. Lynch, guilty of Burglary in the Second Degree, as submitted in Instruction No. 10.
>
> We assess and declare the punishment at imprisonment in the County Jail for a term of one year *and recommend probation* and the sentences run concurrently. (Emphasis added.)

The court accepted the verdicts after informing counsel he considered the recommendation for probation "surplusage." Defendant did not offer an objection at trial, but complained of the court's failure to completely follow the jury's recommendation as to punishment in his motion for a new trial.

On appeal, defendant contends the jury should have been returned to deliberate further upon the punishment to be imposed. He argues the verdict form returned, which was not within the statutory range for the offense, shows an inability of the jury to agree on punishment. In the alternative, defendant argues that if the jury's verdicts are in proper form, the trial court erred in sentencing defendant to a term of imprisonment exceeding the jury's recommended punishment.

Defendant's argument neglects the fact that a jury's recommendation of mercy amounts to mere surplusage so long as the verdict properly contains a finding of guilt and an assessment of punishment. Thus, the trial court correctly disregarded the jury's recommendation of probation, see *State v. Keck,* 389 S.W.2d 816, 819 (Mo. 1965), and would have been justified in ignoring the jury's recommendation that the sentences run concurrently. *State v. Archer,* 406 S.W.2d 563, 566 (Mo.1966).

Judgment affirmed.

DOWD, C.J., REINHARD, J., and IVAN LEE HOLT, Special Judge, concur.