**STATE of Missouri, Plaintiff–Respondent,**

v.

**Sharon ATKESON, Defendant–Appellant.**

No. 28082.

Missouri Court of Appeals, Southern District, Division Two.

April 16, 2008.

Rehearing Denied May 2, 2008.

Ellen H. Flottman, Columbia, MO, for Appellant.

Jeremiah W. (Jay) Nixon, Attorney General, Lisa M. Kennedy, Assistant Attorney General, Jefferson City MO, for Respondent.

DON E. BURRELL, J.

In April of 2006, Sharon Sue Atkeson ("Defendant") was charged with fourteen counts of statutory sodomy in the first degree, violations of section 566.062,[1] and one count of incest, a violation of section 568.020. After a jury trial,[2] Defendant was found guilty on all counts.

Defendant's two sons, H.A., born March 18, 1989, and D.A., born June 27, 1991 ("the boys"), lived with Defendant and her boyfriend from April of 1995 until November of 1997. Both H.A. and D.A. testified that Defendant made them touch her vagina and that she touched their penises. The boys also testified that Defendant would place her mouth on their penises and would force them to also place their mouth on her vagina. H.A. was six years old and D.A. was about four when Defendant started engaging in sexual activity with them.[3] The boys also claimed that

---

1. Unless otherwise noted, all references to statutes are to RSMo (2000).

2. This was a bifurcated trial pursuant to section 557.036 with separate guilt and penalty phases.

3. The boys testified that Mother's boyfriend was also actively involved with her in perpetrating the sexual abuse against them.

Defendant would force them to masturbate her and that she would also masturbate them. Taken in the light most favorable to the jury's verdict, Defendant sexually abused her sons on a weekly basis for a year-and-a-half period ending in November of 1997 when the boys moved out of Defendant's home. D.A. and H.A. first reported the sexual abuse in 2005.

After the boys disclosed the sexual abuse, H.A. received counseling from Richard Jenkins ("Jenkins"), a licensed professional counselor. At trial, Jenkins (without objection) testified about various things H.A. had told him during their counseling sessions.

During the penalty phase of the trial, the jury sent the judge a note which read "[w]ill they run together or seperate [sic][?]" The judge interpreted the note to be a question about whether any sentences given on the separate counts would run concurrently or consecutively. After receiving input from counsel, the judge responded with a written note to the jury (without objection) which read "you must be guided by the written instructions of the Court given to you."

On appeal, Defendant alleges the trial court erred by not, *sua sponte*, excluding Jenkins' testimony about the various statements H.A. made to him and for failing to answer the jury's question about whether any sentences would run "together or seperate [sic]." As counsel for Defendant did not object at trial to either the testimony of Jenkins or to the trial judge's response to the jury's question and did not file a motion for new trial, Defendant acknowledges that the only review available is for plain error.

**4.** Unless otherwise noted, all references to rules are to Missouri Rules of Criminal Proce-

### Standard of Review

Under Rule 30.20,[4] an appellate court may consider plain errors affecting substantial rights when the court determines that a manifest injustice or miscarriage of justice has occurred. Rule 30.20; *State v. Galbreath,* 244 S.W.3d 239, 246 (Mo.App. S.D.2008). Plain error review involves a two step process. *State v. Ward,* 235 S.W.3d 71, 75–76 (Mo.App. S.D. 2007). Initially, the court determines whether the asserted claim of error facially establishes substantial grounds for believing that a manifest injustice or miscarriage of justice has occurred. *Id.* at 76. If those grounds are found to exist, then the court proceeds to the second step of the analysis in which the court determines whether a miscarriage of justice or manifest injustice has actually occurred. *Id.* Where facially substantial grounds are not found to exist, the appellate court will refuse to exercise its discretion to engage in plain error review. *Id.;* Rule 30.20.

### The Counselor's Testimony

Defendant asserts that a manifest injustice or miscarriage of justice occurred when Jenkins was allowed to testify about various statements H.A. had made to him in their counseling sessions. Specifically, Defendant challenges the portions of Jenkins' testimony where he testified that 1) H.A. initially denied that any sexual abuse had occurred; 2) H.A. first spoke to Jenkins about the sexual abuse by describing it as a dream that he had had; 3) H.A. was angry at D.A. and claimed D.A. was lying after D.A. first reported the abuse; and 4) H.A. and D.A. had a joint session in which they reminded each other of the sexual abuse and spoke of how, during the night, either Defendant or her boyfriend would

dure (2007)

select one of them to be abused and that neither of them knew which one it was going to be. Defendant claims the challenged portions of Jenkins testimony all constituted inadmissible hearsay.

Even if we were to find that the challenged portions of Jenkins' testimony were hearsay (a finding that would be difficult to make based on our review of the record), Defendant was not prejudiced by them because everything Jenkins testified to was already placed into evidence by H.A.'s and D.A.'s own testimony.[5] A defendant is not prejudiced by hearsay testimony that is merely cumulative of evidence already before the trial court, especially if that evidence was presented by another witness who was subject to cross-examination. *State v. Smith,* 688 S.W.2d 813, 817 (Mo.App. S.D.1985). Because she was not prejudiced by the challenged testimony, Defendant has failed to facially establish substantial grounds for believing that a manifest injustice or miscarriage of justice has occurred. Defendant's first point is denied.

### *The Jury Question*

Defendant next argues that the trial court committed plain error when it did not directly answer the question posed by the jury during the penalty phase of the trial as to whether any imposed sentences would run "together or seperate [sic]." Defendant argues that, because the trial judge refused to answer the jury's question, the jury believed it had no choice but to give Defendant longer sentences in order to prevent her from serving only a short amount of time. Defendant offers no evidence whatsoever to support this claim.

Section 557.036 cum. supp. 2007 provides that "[t]he court shall instruct the jury as to the range of punishment authorized by statute for each submitted offense." When submitting instructions to a jury in a criminal trial, Rule 28.02(c) requires the trial court to use a Missouri Approved Criminal Instruction (MAI–CR) whenever applicable under the law "to the exclusion of any other instruction or verdict form." A trial court's failure to follow Rule 28.02 constitutes error. Rule 28.02(f). Thus, if an applicable MAI–CR exists, the trial judge is not allowed to vary from it. Rule 28.02; *Deckard v. State,* 110 S.W.3d 891, 895–96 (Mo.App. S.D.2003).

MAI–CR 3d 300 *et seq.* applies to bifurcated criminal trials and does not contain a section on instructing the jury in regard to consecutive or concurrent sentencing. Therefore, an error would have occurred if the trial judge *had* answered the jury's question. The trial court instructed the jury as to the range of punishment; the only requirement of section 557.036, RSMo Cum.Supp.2003.

Finally, the determination of whether to impose concurrent or consecutive sentences lies within the discretion of the trial court. *Felton v. State,* 103 S.W.3d 367, 372 (Mo.App. S.D.2003). Matters of parole or probation eligibility, suspended sentences, and other forms of judicial clemency are considered to be outside of the jury's proper realm of consideration. *State v. Prosser,* 186 S.W.3d 330, 331–32 (Mo.App. E.D.2005). Whether a court chooses to impose consecutive or concurrent sentences is similar in nature to these types of collateral matters and a court

---

5. Defendant also claims that the admission of Jenkins' testimony about what H.A. said violated her constitutional right to confront the witnesses against her. No such violation oc-
curred as both boys testified at trial and were subject to cross-examination. *Crawford v. Washington,* 541 U.S. 36, 59 n. 9, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004).

does not plainly err by refusing to allow the jury to become involved in a matter that is reserved for the trial judge's determination.

Defendant has not provided us with any argument as to why the *Prosser* court's rationale should not apply to the issue of consecutive or concurrent sentencing. For all of the foregoing reasons, we also find Defendant did not establish facially substantial grounds for believing that a manifest injustice or miscarriage of justice occurred via the trial judge's response to the jury's question. The judgment of the trial court is affirmed.

LYNCH, C.J., and BARNEY, P.J., concur.