Thomas H. Newton, Judge
Mr. Edward Ellis appeals a Jackson County Circuit Court judgment convicting him of three counts of first-degree statutory sodomy and three corresponding counts of incest for which he received a 60-year prison sentence. He challenges the jury instructions as a matter of plain error. We affirm.
In February 2015, a grand jury indicted Mr. Ellis on three counts of first-degree statutory sodomy (counts I, III, V), three counts of incest (counts II, IV, VI), one count of first-degree child molestation (count VII), three counts of first-degree endangering the welfare of a child (counts VIII-X), and one count of child abuse (count XI). The State thereafter filed an information in lieu of indictment with the same counts. Counts I and II alleged that Mr. Ellis touched his son E.E.'s penis; Counts III and IV alleged that Mr. Ellis put his finger in his son E.E.'s anus; and Counts V and VI alleged that Mr. Ellis put his mouth on his daughter, M.E.'s vagina. Mr. Ellis was also charged with child molestation (Count VII) for putting his hand on his daughter, M.E.'s vagina. Mr. Ellis was charged with three counts of felony first-degree endangering the welfare of a child related to the children's living conditions. Lastly, Mr. Ellis was charged with one count of abuse of a child (Count XI) for hitting his son E.E. with a stick.
Mr. Ellis's first trial was in April 2015, and the jury found Mr. Ellis guilty of abuse of a child and three counts of the lesser-included offense of misdemeanor second-degree endangering the welfare of a child. The jury was unable to reach a unanimous decision on Counts I-VII of the indictment. Mr. Ellis was retried before the same judge on June 2-5, 2015. The jury found Mr. Ellis guilty on all seven counts.
Mr. Ellis timely appeals his conviction based solely on allegedly erroneous jury instructions. Mr. Ellis claims that Instructions 6, 8, 9, 11, 12, and 14-all of which were verdict directors-were erroneous because they did not include the required definition of "deviate sexual intercourse,"
*337 and thus effectively omitted an essential element of the crimes. Mr. Ellis claims that Instruction 16-a separate instruction defining "deviate sexual intercourse-was erroneous because it did not accurately specify the instructions to which it applied by using the phrase "this instruction" instead of "these instructions."[1]
Legal Analysis
Mr. Ellis concedes that he did not properly preserve this issue for appellate review. If "claims of instructional error are not preserved," this Court may review them "for plain error." State v. Julius , 453 S.W.3d 288, 299 (Mo. App. E.D. 2014). When analyzing an issue for plain error, this Court must find "manifest injustice or a miscarriage of justice resulting from the trial court's error." State v. Celis-Garcia , 344 S.W.3d 150, 154 (Mo. banc 2011).
The review for plain error is a two-part test. First, this Court must determine whether "an evident, obvious, and clear error" has occurred that "facially establishes substantial grounds for believing that manifest injustice or a miscarriage of justice" has occurred. State v. Baumruk , 280 S.W.3d 600, 607 (Mo. Banc)cert. denied , 558 U.S. 856, 130 S.Ct. 144, 175 L.Ed.2d 93 (2009). If an error is found, the court must determine whether the error actually resulted in a miscarriage of justice or manifest injustice. Id. at 607-08. It must be noted that "[i]nstructional error seldom rises to the level of plain error." State v. Wright , 30 S.W.3d 906, 912 (Mo. App. E.D. 2000).
The first prong of the test requires this Court to determine whether clear and obvious error has occurred. Rule 28.02 makes clear that whenever an MAI-CR instruction is applicable, it will be used "to the exclusion of any other instruction ..." Mo. Sup. Ct. R. 28.02. MAI-CR3d 320.11 is the required form of verdict director for statutory sodomy, the subject here of verdict directing Instructions 6, 9 and 12. MAI-CR 320.11 includes the definition of "deviate sexual intercourse" immediately after the verdict director, in a parenthetical, and requires its inclusion in the instruction if the phrase is used in the instruction. In State v. Newman , the court held that the failure to include the definition of "deviate sexual intercourse" in each statutory sodomy verdict-directing instruction as required by MAI-CR constituted error. State v. Newman , 839 S.W.2d 314, 321 (Mo. App. E.D. 1992). In State v. Graham , this Court agreed with Newman and concluded that MAI-CR 333.00 Notes on Use 5 did not permit use of a general definitional instruction of deviate sexual intercourse in lieu of including the definition on each statutory sodomy verdict director where more than one count of statutory sodomy is being submitted. State v. Graham , 906 S.W.2d 771, 779 (Mo. App. W.D. 1995).[2] There is no doubt that Instructions 6, 9, and 12 were in error.
We reach a different conclusion with respect to Instructions 8, 11, and 14, the verdict directors for incest. MAI-CR3d 322.04 is the required verdict-directing instruction for this charge. Although, MAI 322.04 for incest also includes the definition for deviate sexual intercourse immediately after the verdict director, it provides at Notes on Use 5 that the term "deviate sexual intercourse" can be defined in a *338 separate instruction "when that term is used in more than one instruction."[3] Because "deviate sexual intercourse" was used in more than one instruction, and because separate Instruction 16 included the proper definition of "deviate sexual intercourse," Instructions 8, 11, and 14 are not erroneous.
The State concedes, however, that Instruction 16, modeled after MAI-CR 333.00 (the instruction for providing definitions) did not conform with the required language of the MAI, as it read "As used in this instruction," instead of "As used in these instructions," as required. Because Instruction 16 did not follow the required pattern instruction, it too was erroneous.
Having found that Instructions 6, 9, 12, and 16 did not conform to the required pattern instruction and were thus erroneous, we proceed to the second prong of plain-error review.
The second prong of the plain-error test requires this Court to determine whether the error resulted in a "miscarriage of justice" or "manifest injustice." Baumruk , 280 S.W.3d at 607. "[I]t must be apparent that the instructional error affected the jury's verdict." State v. Chambers , 481 S.W.3d 1, 7 (Mo. banc 2016). When determining whether prejudice exists, "instructions must be considered together ... [the] absence of language in a particular instruction does not prejudice the defendant if the subject matter is covered and provided elsewhere in the instructions." State v. Sandles , 740 S.W.2d 169, 173 (Mo. banc 1987)cert denied , 485 U.S. 993, 108 S.Ct. 1303, 99 L.Ed.2d 513 (1988).
Mr. Ellis cites a number of cases where prejudice was shown. In many of those cases, however, a required definition was omitted entirely from the instructions. See State v. Cooper , 215 S.W.3d 123, 127 (Mo. banc 2007) (holding that omission of "knowingly enter[ing] Victim's house 'unlawfully' " from the instructions was prejudicial); State v. Arnold , 397 S.W.3d 521, 528 (Mo. App. S.D. 2013) (omitting definition from the jury instructions for identity theft was plain error); State v. Stover , 388 S.W.3d 138, 153-55 (Mo. Banc 2012) (omitting "knowing of the substance's content and character" element from the jury instructions on first-degree trafficking of a controlled substance was plain error); State v. Neal , 328 S.W.3d 374, 383 (Mo. App. W.D. 2010) (omitting "threaten[ed] the immediate use of a dangerous instrument against any person" element from jury instruction was plain error).
We find Newman and Graham to be controlling on this. In both cases, each of several statutory sodomy verdict directors failed to include the required definition of "deviate sexual intercourse." Yet, no prejudicial error was found. In Newman , the court, on plain-error review, held that, while the failure to include the paragraph defining "deviate sexual intercourse" in each director was an error, the error did not prejudice the defendant. Newman , 839 S.W.2d at 321-22. The court stated that because the definition was provided in two of the three verdict-directing instructions, and the trial court read the definition to the jurors, there was no prejudice and, therefore, no ground for reversal. Id. at 322.
*339 Similarly, in Graham , the definition for "deviate sexual intercourse" was erroneously included in a separate definitional instruction instead of in each verdict director for sodomy. Graham , 906 S.W.2d at 779. This Court relied principally on Newman to conclude that the error did not prejudice the defendant. Id. at 780. Under analogous circumstances here, we conclude, therefore that the errors in Instructions 6, 9, and 12 were not prejudicial to Mr. Ellis.
We reach the same conclusion with respect to the error in the separate definition instruction (Instruction 16) which erroneously used "this" instead of "these" when referencing the instructions to which the definition applied. The State contends that this error could not have confused the jury. The State notes that the error was cured by oral instruction. When the judge read the instructions to the jury, he read it as "these instructions" and not "this instruction." The State also points out that in its closing argument, it identified deviate sexual intercourse as an element of statutory sodomy and defined the phrase for the jury.
In State v. Mickle , this Court held that the missing definition of possession did not prejudice the defendant because a separate instruction defined the term in a separate instruction. State v. Mickle , 164 S.W.3d 33, 62 (Mo. App. W.D. 2005). This Court stated,
"Absent a showing to the contrary, we must presume that the jury properly followed the trial court's instructions in rendering its verdict." As such, we presume, here, that the jury considered the proper definition of possession, as defined in Instruction No. 11, while deliberating on the appellant's guilt on Counts II and III, in Instructions No. 7 and 9."
Id. at 61(quoting State v. Chavez, 128 S.W.3d 569, 578 (Mo. App. W.D. 2004) ). The appellant in Mickle pointed out that the jury had actually posed a question to the judge about the definition of knowing, knowledge, or knew. Id. at 61. This Court held that "[w]hile the jury's note to the trial court might demonstrate confusion as to the concept of possession, it does not demonstrate that any such confusion resulted from the definition of possession being given in Instruction No. 11, rather than in Instructions No. 7 and 9." Id. at 61-62.
Like the jury in Mickle , this jury posed a question about the definition of "for the purpose of arousing or gratifying the defendant[s] sexual desires" and referenced instruction "#7" (child molestation). The jury did not ask about deviate sexual intercourse, the application of the term, or the separate definitional instruction. As this Court held in Mickle , "this question might demonstrate confusion as to the concept" but does not indicate that there was any confusion due to the definition's location in a separate instruction. Id. at 62. Mr. Ellis has not offered a persuasive or compelling argument suggesting that the jury would not have understood that the definition of "deviate sexual intercourse" contained in Instruction 16 applied wherever that term appeared in the instructions.
While we agree that some of the instructions used in this case do not conform to the MAI, we find no evidence that the instructions as a whole affected the jury's decision.[4] This point is denied.
Conclusion
Based on the standard of review for plain error, Mr. Ellis has not shown that *340 any instructional error resulted in manifest injustice. We affirm.
Alok Ahuja, P.J., Cynthia L. Martin, J. concur.

It must be noted that Mr. Ellis did not object to the use of these instructions at either trial and did not submit his own instructions for consideration.

Mandate was recalled on other grounds by State v. Graham , 969 S.W.2d 759 (Mo. App. W.D. 1998).

The incongruence between MAI-CR 3d 322.04 Notes on Use 5 and MAI-CR 333.00 Notes on Use 5 is apparent and is exacerbated by the fact that a similar Note on Use does not appear, for example, in the discussion of MAI-CR 3d 320.11, even though the same phrase, "deviate sexual intercourse," appears in the instruction. Though this may be a matter the MAI-CR Instruction committee could review, for now we are bound by the pattern instructions as written.

In the future, we would encourage this court to use the MAI instructions as written and would caution against any future deviations.